UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-62202-STRAUSS

**ANGEL RICHITELLI,**

    Plaintiff,

v.

**UNITED STATES OF AMERICA,**

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO VACATE

**THIS MATTER** came before the Court upon Plaintiff's Verified Motion to Vacate Summary Judgment Order Pursuant to Fed. R. Civ. P. 60(b)(2) and (b)(6) Based on Newly Discovered Evidence ("Motion") [DE 74]. The Court has reviewed the Motion, the Response [DE 75] and Reply [DE 80] thereto, and all other pertinent portions of the record. For the reasons discussed herein, the Motion [DE 74] will be **DENIED**.

## BACKGROUND

In this action – filed in October 2021 – Plaintiff brought a negligence/premises liability claim under the Federal Tort Claims Act. Her claim stemmed from injuries she asserted she suffered when she was allegedly shocked or electrocuted by a United States Postal Service mail collection box (the "Mailbox") in August 2019. On February 22, 2023, the Court granted Defendant's summary judgment motion, explaining that summary judgment was warranted because Plaintiff would not be able to introduce evidence at trial upon which a reasonable factfinder could find that Defendant had actual or constructive notice of the alleged dangerous condition. [DE 52]. In other words, the Court determined that Plaintiff did not have sufficient

evidence to support an essential element of her case (notice). On February 23, 2023, Final Judgment was entered in Defendant's favor in accordance with the Court's summary judgment ruling. [DE 53]. Plaintiff subsequently appealed the Final Judgment, but that appeal was dismissed in July 2023 for want of prosecution. [DE 73].

On February 21, 2024, Plaintiff filed the instant Motion. Therein, she contends that the Court's summary judgment order [DE 52] and Final Judgment [DE 54] should be vacated based upon newly discovered evidence. According to the Motion, the "newly discovered evidence consist[s] of the witness statement of Melinda J. Perez." [DE 74] ¶¶ 20, 24. Plaintiff has submitted an affidavit from Ms. Perez in which Ms. Perez states that she has been going to the post office location at which the alleged incident in this case occurred for over 30 years and that she has been electroshocked by the Mailbox at that location on at least 10-12 occasions. [DE 74-1] at Ex. 3 ¶¶ 8-11. The Motion indicates that Plaintiff only learned about Ms. Perez sometime after Plaintiff's mother generated a post (in late October 2023) on the Next-Door Neighbor application. In that post, Plaintiff's mother stated that Plaintiff was electrocuted by the Mailbox, indicated that a nearby light pole caused Plaintiff's electrocution, and inquired whether anyone had relevant information. *See* [DE 74] ¶¶ 13-14; [DE 74-1] at Ex. 2. Ms. Perez responded to the post, which is how Plaintiff first learned about Ms. Perez and her experience.

## LEGAL STANDARD

"Federal Rule of Civil Procedure 60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *Kemp v. United States*, 596 U.S. 528, 533 (2022) (citation omitted). Rule 60(b) contains six subsections, which set forth those limited circumstances. Subsections (b)(1) through (b)(5) specify particular grounds upon which a party may seek relief, and "Rule 60(b)(6) provides a catchall for 'any other reason that

justifies relief.'" *Id.*  Rule 60(b)(6) requires "extraordinary circumstances," and it "is available only when Rules 60(b)(1) through (b)(5) are inapplicable." *Id.*

Rule 60(b)(2) permits relief from judgment based upon "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." Fed. R. Civ. P. 60(b)(2).  A movant seeking relief under Rule 60(b)(2) must establish that: (1) the new evidence was discovered after the judgment or order at issue was entered; (2) the movant exercised due diligence to discover the new evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is likely to produce a different result. *In re Glob. Energies, LLC*, 763 F.3d 1341, 1347 (11th Cir. 2014); *Waddell v. Hendry Cnty. Sheriff's Off.*, 329 F.3d 1300, 1309 (11th Cir. 2003); *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000).  "A motion for a new trial under Rule 60(b)(2) is an extraordinary motion and the requirements of the rule must be strictly met." *Waddell*, 329 F.3d at 1309 (quoting *Toole*, 235 F.3d at 1316).

## DISCUSSION

As a preliminary matter, because Plaintiff is seeking relief under Rule 60(b) based upon newly discovered evidence, her Motion is properly addressed under Rule 60(b)(2).  In other words, Rule 60(b)(6) is not available here because Plaintiff does not raise any reason justifying relief aside from the reason she raises for relief under Rule 60(b)(2).  *See Toole*, 235 F.3d at 1317 (affirming denial of motion under Rule 60(b)(6) and explaining that "Baxter does not provide evidence of 'any other reason justifying relief' pursuant to Rule 60(b)(6) aside from the new scientific evidence already addressed under Baxter's Rule 60(b)(2) motion").

Nevertheless, while Plaintiff's newly-discovered-evidence argument is properly addressed under the framework of Rule 60(b)(2), Plaintiff is not entitled to relief under Rule 60(b)(2) because

she has failed to show that she exercised due diligence to discover the new evidence. In arguing otherwise, Plaintiff asserts that the newly discovered evidence at issue "was not known and could not have been known to" her prior to the entry of judgment in this case, but rather was discovered by "sheer happenstance". [DE 74] ¶¶ 28, 29. Additionally, Plaintiff states that "[n]o attorney can be expected to rely on social media platforms to gather evidence, and therefore there can be no doubt that [Plaintiff's] legal counsel could not have discovered the newly discovered evidence at the heart of the instant motion with the exercise of due diligence." *Id.* ¶ 29. However, the fact is that Plaintiff's (or her mother's) actions that led to Plaintiff locating Ms. Perez – Plaintiff's mother's Next-Door Neighbor post – did not occur until late October 2023. That was more than 4 years after the 2019 incident leading to this case, roughly 2 years after this case was filed, and roughly 8 months after judgment was entered. In other words, nothing prevented Plaintiff and her mother from pursuing such actions prior to the entry of judgment. Likewise, nothing prevented Plaintiff's attorney from pursuing – or suggesting that Plaintiff pursue – such actions prior to the entry of judgment.[1]

In sum, Plaintiff has failed to establish that she exercised the requisite due diligence. Therefore, she is not entitled to relief.

---

[1] Importantly, "clients are to be held accountable for the acts and omissions of their attorneys." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 864 (11th Cir. 2004); *see also Dos Santos v. United States Att'y Gen.*, 982 F.3d 1315, 1319 (11th Cir. 2020) ("[I]t has long been understood that a party who 'voluntarily chose' an attorney to represent her cannot later choose to 'avoid the consequences of the acts or omissions of this freely selected agent.' Any other rule 'would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent.'" (internal citation omitted)).

## CONCLUSION

For the reasons discussed above, it is **ORDERED** and **ADJUDGED** that the Motion [DE 74] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 18th day of March 2024.

Jared M. Strauss
United States Magistrate Judge